UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-20941-CIV-UNGARO-BENAGES/O'SULLIVAN

GMF AL GROUP INVESTMENT, LLC,
a Florida limited liability corporation,

    Plaintiff,

v.

ROLLINS, INC.,
a Delaware corporation,

    Defendant.
_____/

## **ORDER**

THIS MATTER comes before the Court on the Defendant's Motion to Compel Plaintiff to Provide Sufficient Responses to Defendant's First Request for Admissions (DE # 52, 9/5/06).  Having reviewed the parties' filings, having carefully considered the applicable law, it is hereby

ORDERED AND ADJUDGED that the Defendant's Motion to Compel Plaintiff to Provide Sufficient Responses to Defendant's First Request for Admissions (DE # 52, 9/5/06) is **GRANTED**.  The plaintiff shall provide responses to the Defendant's First Request for Admissions on or before Friday, October 27, 2006.

Federal Rule of Civil Procedure 36(a) permits one party to ask another to admit "the truth of any matters within the scope of Rule 26(b)(1) . . . that relate to statements or opinions of fact or of the application of law to fact."  The plaintiff objects to the requests to admit on two bases.  First, in its responses to the Request for Admissions, the plaintiff asserts that the requests lack a proper or fairly-worded predicate.  Second, in its response to the Motion to Compel, the plaintiff contends that the requests deal with central facts in dispute in the case, which it argues is improper under Rule 36(a).

With respect to the plaintiff's argument concerning any inadequate predicate for the admissions, the plaintiff fails to point, in its objections or in its memorandum of opposition, to any authority for the proposition that such a predicate is required, and the Court is unaware of any such requirement.  As such, that basis for objection must be rejected.  Furthermore, the plaintiff's second argument, that admissions may not be properly sought if they relate to central facts in dispute, is without merit.  It is well-established that a party must answer a request for admission even where the request seeks admissions on "ultimate" or case-dispositive facts.  <u>Campbell v. Spectrum Automation Co.</u>, 601 F.2d 246, 253 (6th Cir. 1979); <u>see also</u> <u>Carney v. I.R.S.</u>, 258 F.3d 415, 419 (5th Cir. 2001)("Rule 36 allow litigants to request admission as to a broad range of matters, including ultimate facts, as well as applications of law to fact."); <u>Langer v. Monarch Life Ins. Co.</u>, 966 F.2d 786, 803 (3d Cir. 1992)(requiring admission of facts even where admission will subject case to summary judgment); <u>U.S.A. v. 2204 Barbara Lane</u>, 960 F.2d 126 (11th Cir. 1992)(affirming award of summary judgment based on party's failure to respond to request for admission concerning use of property in criminal activity, the central issue in civil forfeiture case).

DONE AND ORDERED, in Chambers at Miami, Florida, this 11th day of October, 2006.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Ungaro-Benages
All counsel of record