UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-20941-CIV-UNGARO-BENAGES/O'SULLIVAN

GMF AL GROUP INVESTMENT, LLC,
a Florida limited liability corporation,

    Plaintiff,

v.

ROLLINS, INC.,
a Delaware corporation,

    Defendant.
_____/

## ORDER

THIS MATTER comes before the Court on the Plaintiff's Motion for Leave to Reopen Record of Evidentiary Hearing (DE # 110, 11/8/06). Pursuant to 28 U.S.C. § 636(b)(1)(A), the matter was referred to the undersigned by the Honorable Ursula Ungaro Benages to take all necessary and proper action as required by law on January 8, 2007 (DE # 124). Having reviewed the motion and the defendant's response thereto and having carefully considered both the additional materials submitted for the Court's review and the applicable law, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion for Leave to Reopen Record of Evidentiary Hearing (DE # 110, 11/8/06) is **GRANTED in part** and **DENIED in part**.

On October 13, 2006, the Court held an evidentiary hearing at which the parties submitted evidence and made oral arguments concerning the defendant's Motion to Require Posting of Lis Pendens Bond. At the conclusion of the hearing, the Court granted the defendant's motion and set a lis pendens bond in the amount of

$455,000.00. (DE # 89). In the instant motion, the plaintiff requests that the evidentiary record of the October 13, 2006 hearing be reopened to include certain documents it has obtained during the discovery process and which it contends demonstrate that the posting of the *lis pendens* bond should not be required.

The undersigned has reviewed all of the exhibits attached to the plaintiff's motion. These new exhibits pertain to the historical soil and groundwater contamination at the subject property as well as historical negotiations over the proper allocation of liability for remediation and proposal for sale of the property. Their relevance to the Court's calculation of an appropriate *lis pendens* bond for the year 2006 is extremely limited in so far as the documents, while they provide some historical context regarding the property at issue, do not demonstrate that the presence of contamination and not the presence of the *lis pendens* on the property prevented the sale of the property in 2006. Accordingly, the Court declines to reopen the record of the evidentiary hearing to include the new exhibits.[1]

DONE AND ORDERED, in Chambers at Miami, Florida, this **17th** day of January, 2007.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Ungaro-Benages
All counsel of record

---

[1] Even if the Court were to reopen the evidentiary record to consider the new exhibits along with the evidence introduced at the hearing, the exhibits would not lead the Court to alter its analysis or calculations concerning the appropriateness of a lis pendens bond or the proper amount of the bond.